**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAMILAH CLAXTON,** : <br> **INDIVIDUALLY AND AS** : <br> **ADMINISTRATOR OF THE** : <br> **ESTATE OF ERIC THEODORE** <br> **CLAXTON, DECEASED; AND** <br> **ON BEHALF OF KIARA** <br> **CLAXTON; ZARRIUS BROOM;** <br> **ERYKA BROOM; ASIA** <br> **CLAXTON, INDIVIDUALLY** <br>  Plaintiff : <br>  v. : **No.** <br>   : <br> **SUKHWINDER SINGH** : **CIVIL ACTION – LAW** <br> **AND** <br> **SUKHCHAN SINGH,** <br> **INDIVIDUALLY AND d/b/a/** <br> **PVR TRANSPORT** <br>   : <br>  Defendants : **JURY TRIAL DEMANDED** | |

### COMPLAINT

AND NOW, comes Plaintiff, Kamilah Claxton, Individually and as Administrator of the Estate of Eric Theodore Claxton, Deceased and on behalf of Kiara Claxton, Zarrius Broom, Eryka Broom and Asia Claxton, individually by and through their attorneys, Schmidt Kramer PC hereby avers as follows:

# PARTIES

1. Plaintiff, Kamilah Claxton is an adult individual who resided at the time of the accident at, 3252 Clearbrook Street, Memphis, Tennessee 38118.

2. Kamilah Claxton is the surviving spouse of Eric Theodore Claxton, the deceased, and was granted Letters of Administration for the Estate of Eric Theodore Claxton on March 14, 2011 by the Probate Court of Shelby County, Tennessee in Case Number D- 0011413.

3. The Decedent, Eric Theodore Claxton, (hereinafter referred to as "Decedent") resided at the time of the accident at 3252 Clearbrook Street, Memphis Tennessee 38118 and, was the husband of Kamilah Claxton, and the father of Kiara Claxton, Zarrius Broom, Eryka Broom, and Asia Claxton, who all residing at the above address.

4. Defendant, Sukhwinder Singh (hereinafter referred to as "Driver") is an adult individual who resides now and at the time of the accident at 250 Hickory Lane, Apartment 202, Westland, Michigan 48185.

5. Defendant, Sukhchan Singh, does business under the fictitious name of "PVR Transport."

6. Defendant, Sukhchan Singh, individually (hereinafter referred to as "Owner") d/b/a PVR Transport, (hereinafter referred to as "PVR") is an adult individual who now and at the time of the accident maintained business addresses at 3670 McCall Avenue, Selma California 93662;

3975 West Ashlan Avenue, Apartment 39, Fresno California 93722; and P.O. Box 13218, Fresno California 93794.

## ALLEGATIONS OF JURISDICTION AND VENUE

7. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 29 U.S.C. § 1332.

8. The Plaintiff is seeking damages against the Defendants in excess of $75,000.00, exclusive of interest, costs and attorney fees.

9. The Plaintiffs are residents of Tennessee, and the Decedent resided in Tennessee at the time of his death. The Defendant Driver is a resident of Michigan and the Defendant Owner is a resident of California.

10. Venue is proper under 28 U.S.C. §1391 (a).

## OPERATIVE FACTS

11. The facts that give rise to this cause of action occurred on or about November 13, 2009, at approximately 3:23 a.m.

12. The aforementioned accident occurred on Interstate 78 at or near mile marker 1.9 in Union Township, Lebanon County, Pennsylvania.

13. At all times mentioned herein and material hereto, Defendant, Driver operated, maintained, possessed and/or controlled an 2003 Freightliner semi-trailer motor vehicle with the permission of the Defendant Owner individually and d/b/a PVR and acting within the course and scope of his employment with said Defendant Owner d/b/a PVR.

3

14. At all times mention herein and material hereto, Defendant, Owner d/b/a PVR, owned said 2003 Freightliner semi-trailer motor vehicle which was involved in the accident.

15. At all times mentioned herein and material hereto, Defendant Owner d/b/a PVR, gave permission to Defendant Driver, to operate said 2003 Freightliner semi-trailer motor vehicle which was involved in the accident.

16. At all times mentioned herein and material hereto, Defendant Driver was acting as an agent, servant, and/or employee of the Defendant Owner d/b/a PVR, and acting in the course and scope of his employment with the Defendant.

17. At all times mentioned herein and material hereto, Decedent was the operator of a 2003 International Harvester semi-trailer.

18. At all times mentioned herein and material hereto, the Decedent was given permission to operate said 2003 International Harvester semi-trailer motor vehicle which was involved in the accident and was acting within the course and scope of his employment.

19. At the time of the accident, the Decedent was lawfully operating the 2003 International Harvester semi-trailer motor vehicle traveling eastbound of Interstate 78 at or near mile marker 1.9 in Union Township, Lebanon County, Pennsylvania.

20. At the time of the accident, Eric Burks was a passenger in the Decedent's vehicle.

4

21. At or near the time of the accident, the Defendant Driver was on the shoulder and attempting in a dangerous manner to enter the right lane in front of the Decedent's vehicle, forcing the front of the Decedent's vehicle to violently collide with the Defendant Driver's semi-trailer vehicle, causing the Decedent's cab to erupt into flames, with the Decedent unable to escape, leading to his ultimate death.

22. The accident was in no way caused or contributed to or by the Decedent and was solely caused by the Defendants.

**COUNT I**
**SURVIVAL ACTION**
**KAMILAH CLAXTON, ADMINISTRATOR of the ESTATE of ERIC THEODORE CLAXTON v. SUKHWINDER SINGH**
**NEGLIGENCE**

23. Paragraphs 1 through 22 of this Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

24. Plaintiff brings this action under the Pennsylvania Survival Statute, 42 Pa.C.S.A. §8302 and pursuant to 20 Pa.C.S.A. § 3373.

25. The negligence, carelessness, and/or recklessness of the Defendant Driver, Sukhwinder Singh, included the following:

    a. Failing to enter the traffic stream in a reasonably safe manner;

    b. Failing to have his vehicle under proper and adequate control;

    c. Failing to have his vehicle under control as to avoid causing impact with another vehicle;

5

d. Failing to take all reasonable steps to avoid a collision;

e. Failing to observe the Decedent's vehicle on the roadway as he pulled into the flow of traffic in front of Decedent so close that he could not avoid striking the Decedent's vehicle;

f. Failing to enter the flow of traffic with the proper use of signaling devices and lights to alert the Decedent that he was entering into the Decedent's lane of traffic;

g. Failing to operate his vehicle in a reasonable manner under the circumstances according to the weather conditions, conditions of the roadway, and then-existing traffic conditions;

h. Operating his vehicle in a manner so as to create a dangerous situation for other vehicles on the roadway;

i. Operating his vehicle at an unreasonably slow speed as to impede the normal and reasonable flow of traffic creating a dangerous situation for other motorists on the roadway;

j. Operating his vehicle in a reckless and careless manner;

k. Stopping on the shoulder of a limited access highway for a nonemergency;

l. Attempting to enter the roadway from the shoulder at less than 40 MPH without using four way flashers; and

m. Failing to abide by the motor vehicle laws of the Commonwealth of Pennsylvania.

6

26. As a direct and proximate result of the accident and the negligence of Defendant Driver, the Decedent suffered injuries including severe burns, smoke inhalation and ultimately died.

27. As a direct and proximate result of the accident, the Plaintiff, Administrator of the Estate of Eric Theodore Claxton, claims damages for pain and suffering by the Decedent prior to his death.

28. As a direct and proximate result of the accident, the Plaintiff, as the Administrator of the Estate of Eric Theodore Claxton, claims damages for loss of future earning power and future wages, and thus a claim for these losses is made.

29. As a direct and proximate result of the accident, the Plaintiff as the Administrator of the Estate of Eric Theodore Claxton, demands payment of the funeral and administrative expenses.

30. Plaintiff, the Administrator of the Estate of Eric Theodore Claxton, further claims any other damages recoverable under the Pennsylvania Survival Statue and case law.

WHEREFORE, Plaintiff, Kamilah Claxton, Administrator of the Estate of Eric Theodore Claxton, requests your Honorable Court grant judgment in her favor in excess of $75,000 and against Defendant Driver, Sukhwinder Singh.

**COUNT II**
**SURVIVAL ACTION**
**KAMILAH CLAXTON, ADMINISTRATOR of the ESTATE of ERIC THEODORE CLAXTON v. SUKHCHAN SINGH, INDIVIDUALLY, AND D/B/A PVR TRANSPORT**
**NEGLIGENCE**

31. Paragraphs 1 through 30 are incorporated herein by reference and made a part thereof as if set forth in full.

32. Plaintiff brings this action under the Pennsylvania Survival Statute, 42 Pa.C.S.A. §8302 and pursuant to 20 Pa.C.S.A. § 3373.

33. The negligence, carelessness, and/or recklessness of the Defendant Sukhchan Singh, individually, and d/b/a PVR Transport, by and through his agent, servant, and or/employee, Defendant Driver, Sukhwinder Singh who it is vicariously liable for, consisted of the following:

   a. Failing to properly supervise, conduct proper hiring practices and/or train its employee, Defendant Driver, in the safe operation of motor vehicles;

   b. Failing to enforce DOT regulations concerning the amount of hours and distances which its drivers may be on the road;

   c. Failing to enforce its own procedures concerning the amount of hours and distances which its drivers may be on the road;

   d. Permitting Defendant Driver to operate its vehicle when it knew or should have known that said Defendant may have been driving under fatigue or under the influence of foreign substance;

8

e. Permitting Defendant Driver to operate its vehicle without proper and functioning equipment and in an unsafe condition;

f. Permitting Defendant Driver to operate its over the road equipment, when he was not qualified to do so;

g. Failing to enforce DOT and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways;

h. Failing to provide its driver with a realistic schedule it can meet to deliver the load;

i. Failing to provide its driver with a route and directions in order to deliver the load;

j. Failing to assure that its driver was aware of defensive driving procedures to avoid an accident;

k. Allowing a driver to operate its vehicle when it knew the driver could not speak English; and

l. Permitting Defendant Driver to operate its vehicle in violation of DOT and Pennsylvania rules and regulations and the traffic laws of the Commonwealth of Pennsylvania.

34. As a direct and proximate result of the accident and the negligence of Defendant Driver, the Decedent suffered severe burns; smoke inhalation and ultimately died.

9

35. As a direct and proximate result of the accident, the Plaintiff, Administrator of the Estate of Eric Theodore Claxton, claims damages for pain and suffering by the Decedent prior to his death.

36. As a direct and proximate result of the accident, the Plaintiff, at the Administrator of the Estate of Eric Theodore Claxton, claims damages for loss of future earning power and future wages, and thus a claim for these losses is made.

37. As a direct and proximate result of the accident, the Plaintiff as the Administrator of the Estate of Eric Theodore Claxton, demands payment of the funeral and administrative expenses.

38. Plaintiff, the Administrator of the Estate of Eric Theodore Claxton, further claims any other damages recoverable under the Pennsylvania Survival Statue and case law.

WHEREFORE, Plaintiff, Kamilah Claxton**,** Administrator of the Estate of Eric Theodore Claxton, requests your Honorable Court grant judgment in her favor in excess of $75,000 and against Defendant, Sukhchan Singh, individually and d/b/a PVR Transport.

**COUNT III**
**WRONGFUL DEATH ACTION**
**KAMILAH CLAXTON, ADMINISTRATOR of the ESTATE of ERIC THEODORE CLAXTON, ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES v. SUKHWINDER SINGH AND SUKHCHAN SINGH INDIVIDUALLY AND d/b/a/ PVR TRANSPORT**
**NEGLIGENCE**

39. Paragraphs 1 through 38 of this Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

40. Plaintiff, Kamilah Claxton, Administrator of the Estate of Eric Theodore Claxton, has standing to bring the following Wrongful Death Action on behalf of the wrongful death beneficiaries under the Pennsylvania Wrongful Death Statute, 42 Pa.C.S.A. § 8301 and pursuant to Pa.R.C.P. § 2202 (a) against Defendants Driver Sukhwinder Singh and Sukhchan Singh, individually and d/b/a PVR Transport.

41. The persons entitled by law to recover wrongful death damages as a result of the death of Eric Theodore Claxton, the Decedent are:

    a. Kamilah Claxton, Surviving Spouse – 2885 Curtis Street, Memphis, Tennessee 38118

    b. Kiara Claxton, Daughter – 2885 Curtis Street, Memphis, Tennessee 38118

    c. Zarrius Broom, Son – 2885 Curtis Street, Memphis, Tennessee 38118

    d. Eryka Broom, Daughter – 2885 Curtis Street, Memphis, Tennessee 38118

    e. Asia Claxton, Daughter – 2885 Curtis Street, Memphis, Tennessee 38118

42. At no time during his life did Eric Theodore Claxton, deceased, bring an action to recover for his personal injuries and no other action has ever been brought to recover damages for his death.

43. As a result of the death of Eric Theodore Claxton, the individuals identified in paragraph 42 above, have suffered a pecuniary

11

loss and claim all damages for Wrongful Death permitted by Pennsylvania statute, rules or case law, including past and in the future services, support, assistance, companionship, comfort, society and contribution that the Decedent would have rendered to said beneficiaries, but for his death.

44. Plaintiff demands payment for funeral and burial expenses incurred as a result of the death of Eric Theodore Claxton, the Decedent.

45. Plaintiff further demands payment for all economic losses suffered by the Decedent's survivors, including the costs of Administration and other expenses reasonably associated with the Decedent's death and not otherwise specifically stated herein.

WHEREFORE, Plaintiff, Kamilah Claxton, Administrator of the Estate of Eric Theodore Claxton, on behalf of the wrongful death beneficiaries, respectfully requests your Honorable Court grant judgment in her favor in excess of $75,000 and against the Defendants Driver, Sukhwinder Singh and Sukhchan Singh, individually and d/b/a PVR Transport.

**COUNT IV**
**PUNITIVE DAMAGES**
**KAMILAH CLAXTON, AS ADMINISTRATOR of the ESTATE of ERIC THEODORE CLAXTON, INDIVIDUALLY; and ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES v SUKHWINDER SINGH**

46. Paragraphs 1 through 45 of this Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

12

47. Defendant knew or should have known that by failing to enter the traffic stream in a safe manner, that by failing to travel at a normal speed for the traffic flow and that by failing to have proper and adequate control of the 2003 Freightliner semi-trailer motor vehicle which he was operating, involved a high degree of probability that harm would result to others, specifically, the Decedent, Eric Theodore Claxton.

48. By entering into the flow of traffic in front of the Decedent's vehicle at a slow and dangerous manner, causing the incident, the Defendant acted with reckless indifference to the interest and safety of others, specifically the Decedent.

49. Defendant Driver's egregious behavior and outrageous conduct was the direct and proximate cause of the accident at issue and the violent death of the Decedent and the ultimate death of his passenger Eric Burks.

WHEREFORE, Plaintiff, Kamilah Claxton, Administrator of the Estate of Eric Theodore Caxton; Kamilah Claxton, Individually; and on behalf of the Wrongful Death Beneficiaries, respectfully requests your Honorable Court grant judgment for punitive damages in her favor and against Defendant Driver, Sukhwinder Singh.

**COUNT V**
**PUNITIVE DAMAGES**
**KAMILAH CLAXTON, AS ADMINISTRATOR of the ESTATE of ERIC THEODORE CLAXTON, INDIVIDUALLY; and ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES v SUKHCHAN SINGH d/b/a/ PVR TRANSPORTATION**

13

50. Paragraphs 1 through 49 of this Complaint are incorporated herein by reference and made a part thereof as if set forth in full.

51. Defendant Owner and PVR knew or should have known that its negligent conduct set forth above involved a high degree of probability that substantial harm would result to persons or vehicles on the road, such as the Decedent, Eric Theodore Claxton.

52. Despite the knowledge set forth above, the Defendant Owner and PVR knowingly allowed its employee, Defendant Driver, to operate its motor vehicle in such a manner.

53. The actions, conduct, and negligence of the Defendant Owner and PVR set forth above display a wanton and reckless indifference to the health, safety, rights and interests of others.

54. The egregious behavior and outrageous conduct of the Defendant Owner and PVR, was a direct and proximate result of the aforementioned accident and death of Eric Theodore Claxton.

WHEREFORE, Plaintiff, Kamilah Claxton, Administrator of the Estate of Eric Theodore Caxton; Kamilah Claxton, Individually; and on behalf of the Wrongful Death Beneficiaries, respectfully requests your Honorable Court grant judgment for punitive damages in her favor and against Sukhchan Singh, individually and d/b/a PVR Transport.

                                        Respectfully Submitted,

                                        **SCHMIDT KRAMER, PC**

                                        By:_____
                                             Scott B. Cooper
                                             I.D. No. 70242
                                             209 State Street
                                             Harrisburg, PA 17101
                                             (717) 232-6300
                                             (717) 232-6467 (Fax)
                                             scooper@schmidtkramer.com
Date:                                 Attorney for Plaintiff

15