UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KAMILAH CLAXTON, *et al.*,
    Plaintiffs

v.                                          CIVIL NO. 1:11-CV-714

SUKHWINDER SINGH, and
SUKHCHAN SINGH, individually, and
d/b/a PVR Transport,
    Defendants.

*M E M O R A N D U M*

*I.        Introduction*

We are considering a motion for summary judgment filed by Plaintiff on September 9, 2013. (Doc. 36). This matter relates to an auto accident that occurred in Lebanon County, which resulted in the death of Plaintiff's husband, Eric Claxton. On February 6, 2013, Plaintiff sent Requests for Admissions to both Defendants. Neither Defendant has responded. Plaintiff now seeks summary judgment, arguing that all material facts have been admitted. Plaintiff's motion is unopposed.

*II.       Background*[1]

In the early morning of November 13, 2009, Defendant Sukhwinder Singh was operating a tractor-trailer owned by Defendant Sukhchan Singh,[2] on Interstate 78 in

---

1. Because Defendants failed to timely respond to the motion for summary judgment, we will accept all of Plaintiff's facts as true.

2. Individually and doing business as PVR Transport.

Lebanon County. Defendant missed his intended turn onto Interstate 81, and stopped his truck. He then began to pull back onto the highway at 17 miles per hour, without flashers, and without checking for traffic. At approximately 3:10 a.m., Mr. Claxton's truck collided with Defendant's. Mr. Claxton was killed instantly. His passenger, Eric Burks, suffered severe burns and ultimately died. At the time of the accident, Mr. Claxton was a married father of four children.

Defendant Sukhwinder Singh received his commercial driving license one month before the accident. He failed the written test twice, and the driving test once. When he began working for PVR Transport (owned by Defendant Sukhchan Singh), he received no on-the-job training. Moreover, Sukhwinder Singh was unfamiliar with both the route he was driving, and the communication equipment in the truck.

Plaintiff filed this suit, individually and on behalf of her children, on April 15, 2011, asserting claims for negligence, vicarious liability, punitive damages, and wrongful death. The suit was stayed for approximately a year and a half because Defendants' insurance company, Federal Motor Carrier Risk Retention Group, was undergoing regulatory review by the State of Delaware. (Doc. 24, 29). The stay was lifted on January 16, 2013. (Doc. 35). Plaintiff now files an unopposed motion for summary judgment.

*III.*     *Discussion*

    *A. Standard of Review*

We will examine the motion for summary judgment under the well-established standard. <u>Lawrence v. City of Philadelphia</u>, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." <u>Id.</u> "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" <u>Roth v. Norfalco</u>, 651 F.3d 367, 373 (3d Cir. 2011) (citing <u>Lamont v. New Jersey</u>, 637 F.3d 177, 181 (3d Cir. 2011)).

Because Defendants have failed to respond to the Requests for Admissions (Doc. 37, Exhibit I), we will accept all averments therein as true. "[U]nanswered requests for admissions properly serve as an uncontroverted factual base for summary judgment purposes." <u>Mahaney v. Doering</u>, 260 F. Supp. 1006, 1007 (E.D. Pa. 1966); <u>see also</u> <u>Mina v. Hotel on the Cay Timesharing Ass'n, Inc.</u>, 410 F. App'x 450, 452 (3d Cir. 2010).

## B. Negligence Claims[3]

To succeed on a negligence claim in Pennsylvania, a plaintiff must show "a legally recognized duty or obligation owed them by [Defendant]; a breach of that duty; a causal connection between the breach of duty and the resulting injury; and actual loss or damage suffered by plaintiff[]." Eckroth v. Pennsylvania Elec., Inc., 12 A.3d 422, 427 (Pa. Super. Ct. 2010). Here, Plaintiff has shown that Defendant had a duty to operate the truck safely, and that he breached that duty. (Doc. 37, Exhibit I). Defendant entered the stream of traffic in an unsafe manner, failed make sure the road was clear, and failed to use his flashers. (Doc 37, Exhibit I). Additionally, Plaintiff has shown that Defendant's negligence caused the collision, and that Plaintiff suffered damages as a result. (Doc. 37, Exhibit I at 6). There is no evidence to suggest any contributory negligence on the part of Plaintiff's Decedent. Thus, Plaintiff is entitled to summary judgment on the negligence claims.

## C. Vicarious Liability Claims

Employers will be held vicariously liable for the negligent acts of their employees when those acts are committed within the scope of employment. See R.A. ex rel. N.A. v. First Church of Christ, 748 A.2d 692, 699 (Pa. Super. Ct. 2000). An act is considered within the scope of employment if: "(1) it is of a kind and nature that the

---

3. The issue of liability on the part of both Defendants is collaterally estopped. On January 3, 2013, we found both defendants liable for the accident and resulting death of Decedent's passenger, Eric Burks. (See Doc. 37, Exhibit J).

4

employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; [and] (3) it is actuated, at least in part, by a purpose to serve the employer . . . ." Id. Plaintiff has demonstrated that Defendant Sukhchan Singh, individually and doing business as PVR Transport, was the owner of the tractor-trailer driven by Sukhwinder Singh. Plaintiff has also shown that Sukhwinder Singh was acting in the scope of his employment at the time of the accident. Accordingly, Plaintiff has proven that Sukhchan Singh is vicariously liable for the accident.

### D. Punitive Damages Claims[4]

Plaintiffs may be entitled to punitive damages when a defendant acts with "reckless indifference" and a "bad motive." Focht v. Rabada, 268 A.2d 157, 159 (Pa. Super. Ct. 1970). Here, Plaintiff has shown that both Defendants acted with wanton and reckless indifference toward Decedent. (Doc. 37, Exhibit I at 10). Defendant Sukhwinder Singh operated the truck in a reckless manner that created a high probability of serious harm to Decedent. Defendant Sukhchan Singh showed disregard for the health and safety of Decedent by knowingly permitting an inexperienced driver to operate the truck. Plaintiff has shown that punitive damages are warranted.

### E. Wrongful Death Claims

Under Pennsylvania's Wrongful Death Act, a decedent's survivors may bring an action to recover damages from an individual who caused the death of a

---

4. This issue is also collaterally estopped. We concluded that Sukhchan Singh was liable for punitive damages in the companion case. (See Doc. 37, Exhibit J).

5

spouse, child, or parent.  See 42 Pa. C.S. § 8301-02.  Decedent's spouse and his children are proper wrongful death beneficiaries.  Plaintiff has already established that Defendants are liable for the death of Mr. Claxton; therefore, Plaintiff is entitled to summary judgment on the wrongful death claims.[5]

*IV.      Conclusion*

For the foregoing reasons, we find that Plaintiff is entitled to summary judgment.  We will issue an appropriate order.

Date: November 12, 2013                     /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge

---

5. Plaintiff's brief argues that summary judgment should also be granted on a spousal loss of consortium claim.  (See Doc. 37 at 10).  However, a claim for loss of consortium was never pleaded.  (See Doc. 1).  Moreover, Pennsylvania law does not recognize a separate cause of action for loss of consortium resulting from a spouse's death.  See Linebaugh v. Lehr, 505 A.2d 303, 305 (Pa. Super. Ct. 1986) (explaining that "recovery in a wrongful death action includes damages for the loss of the decedent's society, which is also the essential nature of a claim for loss of consortium.  To allow a surviving spouse to maintain a separate cause of action for loss of consortium . . . would permit a double recovery for the same death.").  Accordingly, we will not grant summary judgment for loss of consortium.